

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00016-CR
No. 02-18-00017-CR

———————————————

MICHAEL CHARLES CHADMAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 415th District Court
Parker County, Texas
Trial Court Nos. CR17-0425, CR17-0427

Before Gabriel, Kerr, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

After hearing testimony from Michael Charles Chadman and considering other evidence establishing that Chadman had hidden a baggie containing 0.04 grams of methamphetamine in a seat belt receptacle of a patrol car[1] while waiting to be transported to the Parker County jail on an arrest warrant, a jury convicted him of the offenses of possession of less than one gram of a controlled substance[2] and tampering with evidence.[3]  Finding the State's enhancement paragraphs true, the jury assessed Chapman's punishment at confinement for twenty-five years for the offense of tampering with evidence and confinement for two years for the offense of possession of a controlled substance.  *See* Tex. Health & Safety Code Ann. §§ 481.102(6) (providing methamphetamine is a Penalty Group 1 controlled substance), .115(a), (b) (providing possession of less than one gram of a Penalty Group 1 controlled substance, including adulterants or dilutants, is a state-jail felony); Tex. Penal Code Ann. §§ 12.33(a) (providing range of confinement for second-degree felony is two to twenty years), .42(d) (requiring that felony defendant, who has previously been finally convicted of two felony offenses, be punished by imprisonment for life or for any

---

[1]The patrol car was equipped with a device that recorded the back-seat area where Chadman was seated.

[2]Appellate Case Number 02-18-00017-CR, Trial Court Case Number CR17-0427.

[3]Appellate Case Number 02-18-00016-CR, Trial Court Case Number CR17-0425.

term of not more than ninety-nine years or less than twenty-five years), .425(b) (requiring that state-jail felony defendant, who has previously been finally convicted of two felony offenses, be sentenced within the range of confinement for a second-degree felony); 37.09(a)(1), (c) (providing that tampering with evidence is a third-degree felony). The trial court sentenced him accordingly.

For each appeal, Chadman's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the records and demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). Appellate counsel notified Chadman of counsel's motion and *Anders* brief in each appeal and informed him of his rights and remedies. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (specifying in part that appointed counsel must notify the client regarding the motion and brief and provide the client a copy of each and setting forth other requirements that counsel must satisfy to assist the client in understanding his pro se rights and effectuating those rights and securing pro se access to the record).

On August 19, 2018, Chadman signed and filed in this court a form requesting access to the records, and on December 12, 2018, he filed his pro se responses to counsel's *Anders* brief. The State declined to file a brief.

When an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record to see if there is any arguable ground that may be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). When determining whether a ground for appeal exists, we consider the record, the briefs, and any pro se response. *See Schulman*, 252 S.W.3d at 408–09. Only after we conduct our own examination to determine whether counsel has correctly assessed the case may we grant the motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Chadman's pro se response for each appeal. We agree with counsel that these appeals are wholly frivolous and without merit, and we find nothing in the records that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We therefore grant counsel's motion to withdraw in each case and affirm the trial court's judgments. All pending motions are denied.[4]

---

[4]Chadman requested transcripts of proceedings and filed a motion alleging that the requested transcripts had not been produced or had been partially produced. The reporter has informed this court that "all items designated by trial counsel for appellate purposes—or requested by Mr. Chadman in separate correspondence to the Second Court of Appeals—have been produced and filed."

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 22, 2019